UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Carl Green,** | ) | **CASE NO.  1:14 CV 2265** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States Probation Office, et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 11).  This case arises out of plaintiff's 1990 sentencing in the United States District Court. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Carl Green, an inmate at FCI Elkton, filed this Complaint against defendants United States Probation Office, Greg L. Johnson (Chief, United States Probation office), John Riffle (U.S.S.G. Specialist, United States Probation Office), and Carmen Nazario Everett (PSR Investigator, United States Probation Office).

1

Generally, the Complaint alleges the following.  Plaintiff was convicted in 1990 of drug-related offenses in the United States District Court.  Defendant Everett categorized plaintiff as a "career offender," enhancing his sentence by 20 years.  However, Everett's categorization was incorrect because the two predicate offenses were actually related. Everett omitted and allowed erroneous facts in the Presentence Investigation Report (PSR) regarding the criminal history which caused the Assistant United States Attorney to persuade the Court that the two offenses were unrelated.  The Court then made a cursory ruling, without further evidentiary exploration, that the two offenses could be used as predicates for a career offender sentencing enhancement. Plaintiff's appellate attorney did not raise the incorrect career offender sentencing issue and his conviction was affirmed on appeal.  Despite plaintiff's diligent efforts throughout the years, including letters to the Probation Office, the mistakes, omissions, and inaccurate facts contained in the PSR have never been corrected and remain part of the PSR record. In 1995, defendant Everett did respond by letter to plaintiff and stated that the PSR could not be changed or amended.

The Complaint also refers to other evidence and prior proceedings which show the following.

When plaintiff tried to challenge his sentence via § 2255 due to the incorrect application of the career offender guideline, the Sixth Circuit determined that because the claim was not raised on direct appeal, it could not be  considered on collateral attack.  *Green v. U.S.,* 1994 WL 144435 (6th Cir. April 21, 1994).  Plaintiff attempted to file two other § 2255 motions but was not permitted to do so.

In 2012, the Warden of FCI Elkton wrote a letter to the United States Probation

Department seeking its assistance in determining the validity of the information in plaintiff's 1990 PSR.  Defendant Riffle responded by letter of October 19, 2012.  He stated that although the 22 year old records were less than adequate, "what records I did obtain appear to indicate Mr. Green was properly found to be a Career Offender pursuant to the 1989 Guidelines Manual." Mr. Riffle acknowledged that the PSR cited two prior cases as the basis for the career offender status, but that the career offender status was actually based on convictions in two other cases (also cited in the report.)  He noted that "This part [of the PSR] is incorrect." As such, "These two cases should have been cited in the presentence report as the two predicate offenses needed in determining his Career Offender status." (Compl. Ex. I)

In 2013, plaintiff filed a motion for issuance of a writ of mandamus with the District Court in his closed criminal case seeking to compel the Probation Office to alter the PSR to find that he is not a career offender.  United States District Judge Boyko denied the motion on April 3, 2014.[1]

Plaintiff filed this Complaint on October 10, 2014 pursuant to the Privacy Act.  He asserts that he is entitled to actual damages for the agency's failure to maintain accurate and complete records.  Plaintiff submits that he should be awarded $500 per day of extra incarceration due to Everett's willful dereliction of duty to ensure the accuracy and completeness of plaintiff's criminal history in the PSR which resulted in the 20 extra years in prison.

This matter is now before the Court upon defendants' Motion to Dismiss. Defendants move pursuant to Rules 12(b)(1) and (6).

---

[1] That court also recently denied plaintiff's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

**Standard of Review**

When a Rule 12(b)(1) motion is a factual attack, as opposed to facial, on subject matter jurisdiction, "no presumptive truthfulness applies to the allegations" and "the district court must weigh the conflicting evidence to arrive at the factual predicate that subject matter does or does not exist." *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir.2007). "Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged.. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

The Privacy Act requires that an agency of the United States government "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).

Defendants seek dismissal of the Complaint on the basis that it is barred by the applicable two year statute of limitations. For the following reasons, this Court agrees.

The Sixth Circuit has explained:

> A plaintiff must bring a Privacy Act claim in federal district court within two years from the date of the alleged violation. 5 U.S.C. § 552a(g)(5). The only exception to this limitations period may arise when 'an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section....' *Id*. In that circumstance, the plaintiff may bring an action within two years of his discovery of the misrepresentation. *Id*. The Seventh, Ninth, Tenth, and D.C. Circuits have held that the statute of limitations for a Privacy Act claim begins to run when the plaintiff knows or has reason to know of the alleged violation. The Third and Fourth Circuits have reached the same conclusion as to the beginning of the limitations period for the Privacy Act, in unpublished opinions.

Lockett v. Potter, 259 Fed.Appx. 784 (6th Cir. 2008) (internal citations omitted).

As defendants point out, the Complaint alleges that plaintiff wrote letters to the Probation Office "beginning as early as 1995," regarding the "inaccuracies, omissions and misstatements" contained in the PSR. (Doc. 1 at 6) Additionally, plaintiff attaches to the Complaint, in support of this allegation, a copy of an August 15, 1995 letter from defendant Everett to plaintiff. The

letter is written in response to a letter from plaintiff to Everett. Everett's letter explains that she does not have the authority to change, correct, or amend the PSR after it had been filed with the Court in its final form. (Doc. 1 Ex. H) Therefore, clearly plaintiff knew or had reason to know of the alleged violation as of 1995. His Complaint needed to be filed by 1997 and was not filed until 2014.

Moreover, plaintiff's original § 2255 motion, which the Sixth Circuit rejected in 1994, challenged his sentence based on the alleged incorrect application of the career offender guideline.

Plaintiff asserts that it was only upon receiving defendant Riffle's October 19, 2012 letter acknowledging that an error had been made in the PSR in citing two non-qualifying predicate offenses as the basis for the career offender determination that his claim arose. Plaintiff asserts that this was the first time defendants acknowledged errors and that the Complaint is predicated upon this admission.

The Court finds plaintiff's assertions to be unpersuasive. The Complaint alleges that this is an action against defendants "for failing in their duty to assure the accuracy, completeness, relevance, and, most importantly, the correct sentencing computations... in plaintiff's criminal history section of his [PSR]..." And, the "errors" ... "have never been corrected, despite plaintiff's diligent efforts throughout the years in resolving those issues..." (doc. 1 at 2) As stated earlier, plaintiff acknowledged that in 1995 he knew of the alleged errors:

> ... despite numerous filings throughout the years, and most importantly, letters to the Probation Office which went mostly ignored and seldom responded to, beginning as early as 1995 (see attached copy of one of their few responses, marked as Exhibit H), the inaccuracies, omissions and misstatements have never been addressed, nor corrected, and still remain part of the PSR record.

(Doc. 1 at 6) Therefore, plaintiff's own allegations show that he has been aware since at least 1995 that defendants allegedly misrepresented information in his PSR.

The Complaint must be dismissed as untimely.

Defendants raise other grounds in support of dismissal which need not be addressed with the exception of one. The Court agrees with defendants that even if this claim was timely, the defendants may not be sued under the Privacy Act. The individual defendants cannot be sued under the Privacy Act. *Martinez v. Bureau of Prisons*, 444 F.3d 620 (D.C.Cir. 2006) (The Privacy Act concerns the obligations of any agency as distinct from individual employees in those agencies.) Additionally, the Probation Office is not subject to the Privacy Act. *Morris v. U.S. Probation Services*, 723 F.Supp.2d 225 (D.D.C. 2010) (citations omitted) ( "United States Probation Offices are units of the federal courts [which are not considered agencies under the Privacy Act] and therefore are not subject to the Privacy Act.")

For these reasons, defendants' Motion to Dismiss is granted.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss is granted.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/5/15